Last revised 12/1/11

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br>IFE R. OKOCHA & GRACE I. ESIEDESA | Case No.: _____12-10070_____<br>Judge: _____Raymond T. Lyons_____<br>Chapter: 13 |

Debtor(s)

FIRST MODIFIED
# Chapter 13 Plan and Motions

☑ Original            ☐ Modified/Notice Required            ☐ Discharge Sought
☑ Motions Included    ☐ Modified/No Notice Required         ☑ No Discharge Sought

Date: _____February 28, 2012_____

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____2,451.00_____ per _____month_____ to the Chapter 13 Trustee, starting on _____March 1, 2012_____ for approximately _____60_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

  ☑ Future earnings

  ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

❑ Sale of real property
Description:

Proposed date for completion: _____

❑ Refinance of real property:
Description:

Proposed date for completion: _____

❑ Loan modification with respect to mortgage encumbering property:
Description:

Proposed date for completion: _____

d. ❑ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ❑ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection**

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
| --- | --- | --- |
| William H. Oliver, Jr. Esq. | Administrative Expenses | $1,781 |
| State of New Jersey | Taxes | $3,000 |

**Part 4:    Secured Claims**

   a.  **Curing Default and Maintaining Payments**
   The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Chase Bank | First Mortgage- 8 Carly Ct. Monroe | $120,000 | -0- | $120,000 | $3,777 |

   b.  **Modification**

   1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

> **NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Sovereign Bank | Second Mortgage | $118,000 | $484,500 | $545,000 | None | -0- | None |
| Thrift Investment | '09 Toyota | $8,000 | $7,000 | None | $7,000 | 3.25% | 7,593.56 |

   2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

3

**c. Surrender**

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Select Portfolio Servicing<br><br>Matrix Servicing | Vacant Lot- 64-66 Lyons Ave, Newark<br>Mortgage- 435 Hawthorne Ave, Newark | $125,800<br><br>$250,000 | Debt discharged in Prior Ch 7<br>11-17613<br>(7-15-11) |

**d. Secured Claims Unaffected by the Plan**

The following secured claims are unaffected by the Plan:

```
Suntrust Bank (student loan) is not in arrears.  Regular payments to be
made outside of Plan.
```

**e. Secured Claims to be Paid in Full Through the Plan:**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| None | | |

## Part 5:    Unsecured Claims

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:   None
  ☑ Not less than $ _____None_____ to be distributed *pro rata*
  ☐ Not less than _____ percent
  ☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis For Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| None | | | |

| Part 6: Executory Contracts and Unexpired Leases | | |
|---|---|---|
| All executory contracts and unexpired leases are rejected, except the following, which are assumed: | | |
| Creditor | Nature of Contract or Lease | Treatment by Debtor |
| None | | |

**Part 7:    Motions**

NOTE:  All plans containing motions must be served on all potentially affected creditors, together with a Chapter 13 Plan Transmittal Letter, within the time and in the manner set forth in D.N.J. LBR 3015-1.  A Proof of Service must be filed with the Clerk of Court when the Plan and Transmittal Letter are served.

Where a motion to avoid liens or partially avoid liens has been filed in the plan, a proof of claim filed that asserts a secured claim that is greater than the amount to be paid in the plan serves as opposition to the motion, and serves as an objection to confirmation.  The    proof of claim shall be served in accordance with D.N.J. LBR 3015-6(a).  The creditor shall file a proof of service prior to the scheduled confirmation hearing.  In order to prosecute the objection, the creditor must appear at the confirmation hearing, which shall be the hearing on the motion.  Failure to appear to prosecute the objection may result in the motion being granted and the plan being confirmed pursuant to the terms as set forth in the plan.

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| First Hudson Financial | Real Estate | Judgement | Unknown | $484,500 | $42,850 | | Debt discharged in Prior Ch 7 11-17613 (7-15-11) |

5

**b. Motion to Avoid Liens and Reclassify Claim From Secured to Completely Unsecured.**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
| Sovereign Bank | Second Mortgage- 8 Carly Ct, Monroe | Amount of Lien discharged in Prior Ch 7 11-17613 (7-15-11) |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
| Thrift Investment | '09 Toyota | $7,000 | $1,000 |

**Part 8:    Other Plan Provisions**

**a. Vesting of Property of the Estate**
- ☑ Upon confirmation
- ☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Trustee shall pay allowed claims in the following order:
1) Trustee commissions & Administrative Expenses
2) Chase Mortgage
3) Thrift Investment
4) State of New Jersey

**d. Post-Petition Claims**

The Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

| Part 9: | Modification |
|---|---|
| If this Plan modifies a Plan previously filed in this case, complete the information below. Date of Plan being Modified: _____2/28/12_____ | |

| Explain below **why** the plan is being modified: The Plan is being modified to indicate that student loans owed to Suntrust Bank are current and the payments are to continue to be made outside of the Plan. | Explain below **how** the plan is being modified: The Plan is being modified to indicate that student loans owed to Suntrust Bank are current and the payments are to continue to be made outside of the Plan. |
|---|---|

Are Schedules I and J being filed simultaneously with this Modified Plan?    ❏ Yes    ☑ No

**Part 10:    Sign Here**

The Debtor(s) and the attorney for the Debtor (if any) must sign this Plan.

Date:  February 28, 2012                                  /s/ William H. Oliver, Jr. Esq.
                                                          Attorney for the Debtor

I certify under penalty of perjury that the foregoing is true and correct.

Date:  February 28, 2012                                  /s/ Ife R. Okocha
                                                          Debtor

Date:  February 28, 2012                                  /s/ Grace I. Esiedesa
                                                          Joint Debtor

United States Bankruptcy Court
District of New Jersey

```
In re:                                                      Case No. 12-10070-RTL
Ife R Okocha                                                Chapter 13
Grace I Esiedesa
        Debtors
```

## CERTIFICATE OF NOTICE

```
District/off: 0312-3          User: sgibbs              Page 1 of 2              Date Rcvd: Feb 28, 2012
                              Form ID: pdf901           Total Noticed: 16


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 01, 2012.
db/jdb       +Ife R Okocha,    Grace I Esiedesa,    8 Carly Court,    Monroe Township, NJ 08831-5900
cr            Thrift Investment Corporation,    720 King George's Post Road P.O. Box 538,
              Fords, NJ  08863-0538,    UNITED STATES
512659856    +ACS Education Services,    501 Bleecker St.,    Utica, NY 13501-2401
512659857    +Chase Home Finance,    P.O. Box 24696,    Columbus, OH 43224-0696
512659858    +First Hudson Financial, LLC,    c/o Frederic C. Goetz, Esq., L.L.C.,    1011 Hudson Ave,
              P.O. Box 454,    Ridgefield, NJ 07657-0454
512659859    +Matrix Servicing,    1925 W. Pinnacle Peak Road,    Phoenix, AZ 85027-1254
512659860    +River Drive Surgery and Laser Center,    619 River Drive,    Elmwood Park, NJ 07407-1317
512754467     SUNTRUST BANK,    c/o ACS,    P. O. BOX 22724,    LONG BEACH, CA 90801-5724
512659861    +Saint Peter's University Hospital,    C/o Computer Credit. Inc,    640 West Fourth Street,
              PO Box 5238,    Winston Salem, NC 27113-5238
512659862    +Select Portfolio Servicing,    3815 S. West Temple,    Suite 2000,    Salt Lake City, UT 84115-4412
512659863    +Sovereign Bank,    Corporate Office,    P.O. Box 13620,    Columbus, OH 43213-0620
512659864     State of New Jersey,    Division of Taxation,    50 Barrack Street,    Trenton, NJ 08646-0269
512659865    +Thrift Investment Corp.,    720 King George Post Rd.,    Fords, NJ 08863-1985

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          +E-mail/Text: leah.bynon@usdoj.gov Feb 29 2012 08:01:23      U.S. Attorney,    970 Broad St.,
              Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2523
smg          +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Feb 29 2012 08:01:23      United States Trustee,
              Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
              Newark, NJ 07102-5235
512681386     E-mail/PDF: rmscedi@recoverycorp.com Feb 29 2012 08:11:01
              Recovery Management Systems Corporation,    25 S.E. 2nd Avenue, Suite 1120,
              Miami, FL 33131-1605
                                                                                              TOTAL: 3

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Mar 01, 2012**        **Signature:** _/s/ Joseph Speetjens_

```
District/off: 0312-3          User: sgibbs            Page 2 of 2              Date Rcvd: Feb 28, 2012
                              Form ID: pdf901         Total Noticed: 16
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 28, 2012 at the address(es) listed below:
          Albert    Russo    docs@russotrustee.com
          Gary K. Norgaard    on behalf of Creditor   Sovereign Bank gnorgaard@sternlaveng.com,
           sjohnson@sternlaveng.com
          John R. Morton    on behalf of Creditor   Thrift Investment Corporation
           mortonlaw.bcraig@verizon.net,   mortonlaw.lgriffith@verizon.net
          Melissa N. Licker    on behalf of Creditor   JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS SERVICER
           FOR U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR-IN-INTEREST TO WACHOVIA BANK, N.A. AS
           TRUSTEE FOR MASTR ASSET SECURITIZATION TRUST 200 bankruptcy@feinsuch.com
          William H. Oliver    on behalf of Debtor Ife Okocha bkwoliver@aol.com
                                                                                                            TOTAL: 5